### T. J. CLEGG v. J. H. BRANNAN ET AL.

No. 3064. Decided November 16, 1921.

(234 S. W., 1076.)

1.—Statute of Frauds—Cases Distinguished.

Hazzard v. Morrison, 130 S. W., 244; and Anderson v. Tinsley, 28 S. W., 121; distinguished, and *held* not in conflict with ruling herein. (P. 371).

2.—Statute of Frauds—Exchange of Lands—Unilateral Contract.

Though a contract for exchange of lands was in writing and signed by the defendant against whom specific enforcement thereof was sought, if it

was not signed by plaintiff it was, by reason of the Statute of Frauds, not enforcible against him, and was therefore a unilateral contract of defendant by which he was not bound.  ·(Pp. 372-374).

### 3.—Same—Acceptance—Performance.

Though defendant's written contract for the exchange of lands recited agreement by plaintiff to such exchange, and, though not signed by plaintiff, was accepted by him and performance made or tendered, this did not render plaintiff's agreement valid under the Statute of Frauds nor prevent defendant's written one from being unilateral and unenforcible for want of mutuality.  (P. 372).

### 4.—Same—Acceptance by Parol.

Parol acceptance of another's written agreement to convey in exchange for a conveyance is not equivalent to a written contract by the one so accepting to himself convey, and does not take the agreement on his part out of the Statute of Frauds.  (P. 372).

### 5.—Same—Performance.

Payment or performance, in whole or in part, without possession and improvements does not authorize the specific enforcement of a parol contract for the conveyance of land.  (P. 373).

Error to the Court of Civil Appeals for the Third District in an appeal from Schleicher County.

Clegg sued Brannan and others for specific enforcement of a contract to convey lands.  Judgment was for defendant on demurrer sustained to the petition.  This was affirmed on plaintiff's appeal (190 S. W., 812) and he obtained writ of error.

*D. T. Bomar,* and *Wright & Harris,* for plaintiff in error.—Where the owner of real estate in Texas undertakes to sell it, and take other property in part payment therefor, and in so doing signs, acknowledges and delivers to his vendee an instrument in writing reciting that he has bargained and sold to his vendee such lands in consideration of a fixed sum paid and to be paid, viz. the sum of $1 in cash and other amounts in the assumption by the vendee of an existing incumbrance on the real estate, and the balance of the purchase price in real estate, fully described in the instrument which is delivered to and accepted by the vendee, the contract does not fall within the inhibition of the statute of frauds, and is binding on the vendor and enforcible against him·on the tender, by the vendee of the performance of the obligation resting on the vendee by the terms of the instrument, and becomes and is an enforcible contract as to both the vendor and the vendee.  Anderson v. Tinsley, 28 S. W., 121; G. C. & S. F. Ry. Co. v. Settegast, 79 Texas, 256; Skov v. Coffin, 137 S. W., 451; Dockery v. Thorne, 135 S. W., 593; Hazzard v. Morrison, 130 S. W., 248; Morris v. Gaines, 82 Texas, 257; Watson v. Baker, 71 Texas, 739.

Under Vernon's Sayles' Rev. Statutes Article 3965, prohibiting any action on any contract for the sale of land, unless the contract

is in writing and signed by the party to be charged, it is only necessary that such contract be signed by the party sought to be charged therewith, and it is not necessary that both parties should be bound, in order to take same out of the statutes of fraud. Hazzard v. Morrison, 130 S. W., 244; Crutchfield v. Donathon, 49 Texas, 691; Anderson v. Tinsley 28 S. W., 121; Harper v. Goldschmidt, 134 Am. St., 124; Schneider v. Anderson, 121 Am. St., 356; Charlton v. Columbia R. E. Co., 110 Am. St., 495; Hall v. Misinheimer, 107 Am. St., 474; Vance v. Newman, 105 Am. St., 42; Brodhead v. Reinbold, 86 Am. St., 735; Cumming v. Beavers, 106 Am. St., 881.

Where one party to a contract to sell and convey land, in this State, signs said contract, and the other party thereto accepts same without placing his signature thereto, it is mutually binding upon both, and the one failing to sign, but accepting same, is as fully bound as if he had signed the contract, and is as much entitled to its benefits as if the agreement had his signature attached thereto. Martin v. Roberts, 57 Texas, 564; Campbell v. McFadin, 71 Texas, 28; Anderson v. Tinsley, 28 S. W., 121; Dockery v. Thorne, 135 S. W., 593; Kearby v. Hopkins, 14 Texas Civ. App., 166; 36 S. W., 506; Cotulla v. Barlow, 115 S. W., 294.

And, further, plaintiff paid to defendant, J. H. Brannan, the consideration of $1 cash and incurred the expenses of having abstracts of title prepared to all lands which he was to convey to defendant, as well as had all conveyances prepared and tendered same to the defendant. Morris v. Gaines, 82 Texas, 255.

*W. B. Silliman* and *Cornell & Wardlow,* for defendants in error. —Appellant Brannan could not have obtained a decree of specific performance against appellant upon the contract declared upon, for the reason that appellant could have successfully urged the statute of frauds. The contract declared upon cannot be specifically enforced agaist appellee, Brannan, because of lack of mutuality, since it could not have been enforced by him.

MR. JUSTICE PIERSON delivered the opinion of the court.

Plaintiff in error, T. J. Clegg, owned certain blocks and parcels of land in and near the town of Carlsbad, in Tom Green County. Defendant in error J. H. Brannan owned a ranch in Schleicher County. Plaintiff in error Clegg and defendant in error Brannan contracted for an exchange of said lands. Defendant in error Brannan executed and delivered to plaintiff in error Clegg an instrument in writing which set out the terms of said trade and agreement, in substance as follows:

J. H. Brannan bargained and contracted to sell to T. J. Clegg about 7391 acres of land in Schleicher County, known as the Fury Ranch, at a consideration of $8 per acre; for which plaintiff in

111 Tex.—24

error, T. J. Clegg, agreed to pay $1 cash and to make a good title and conveyance to various and sundry blocks and parcels of land situated in and near Carlsbad, Tom Green County, Texas. Said blocks and parcels of land included 329.67 acres; also the waterworks system in Carlsbad, Texas, a cotton gin, and a number of blocks in the town of Carlsbad, upon which were located a bathhouse, pavilion, and mineral wells.

In addition thereto, on account of certain repairs necessary to be done to the waterworks system and the gin, said T. J. Clegg was to deed certain other vacant lots owned by him in the town of Carlsbad to said J. H. Brannan, Brannan to select said lots.

Further, as a part of the consideration between the parties, the plaintiff in error Clegg was to assume in the transaction an indebtedness of $15,486 against the property to be conveyed to him by Brannan; and Brannan was to assume an indebtedness of $9,400 against the property to be conveyed to him by Clegg.

It was also stipulated that each should furnish the other abstracts, showing good title in law, and that the conveyances should be delivered within a specified time.

This instrument was signed and acknowledged by J. H. Brannan.

This suit was brought by plaintiff in error, T. J. Clegg, against defendant in error Brannan and the other defendants who had acquired an interest in some of Brannan's land, to enforce specific performance of the above described instrument. He alleged that when the written instrument signed by J. H. Brannan was executed and delivered to him, he paid said Brannan $1 in cash; that he agreed to pay, and did pay by the assumption of an indebtedness owing by Brannan, $15,486; that he agreed to pay, and did pay, the further amounts stipulated by the instrument by executing and tendering deeds to defendant in error Brannan to the various and sundry blocks and parcels of land set out in said instrument to be deeded by him to Brannan. He further alleged that by the delivery of said instrument of writing to him, and his acceptance thereof, he agreed to perform and do all the things stipulated in said instrument, including the assumption of indebtedness stated; and that both he and defendant in error Brannan acted upon and treated said instrument of writing as binding upon both parties. He alleged that he complied with the terms of said contract, in that he had prepared and furnished to defendant in error the abstracts of title to all of the property which he was to convey to him; that he executed and tendered to defendant in error the conveyances to the property which under the terms of the contract he was to convey to said defendant in error; and that he performed all of the obligations required of him by the terms of said contract.

Defendant in error addressed the following exception to plaintiff in error's petition, to-wit:

"This defendant specially excepts to so much of said paragraph one as purports to set out an instrument, and says that the same is wholly insufficient, because upon its face it is, if anything, in law a contract for the exchange of lands,—a contract by defendant J. H. Brannan to convey plaintiff lands in exchange for lands to be conveyed by plaintiff to defendant Brannan, and said contract is unilateral and lacking in mutuality, and particularly lacking in mutuality with reference to remedies, since plaintiff did not sign or execute said contract, and since it is a contract required by the Statute of Frauds to be in writing, and was and is unenforcible as against the plaintiff Clegg.''

The trial court sustained the exception, and, plaintiff in error declining to amend his petition, judgment was entered in favor of defendants in error. The Honorable Court of Civil Appeals affirmed the judgment, holding that the contract sued on was unilateral, lacking in mutuality, since it bound defendant in error alone to convey, and that he could not have enforced specific performance of it as against plaintiff in error; and also holding that such performance of the contract as alleged by him was insufficient to entitle him to a decree of specific performance.

As disclosed by the demurrer that was sustained by the trial court, the question presented is an application of the Statute of Frauds.

The writ of error was granted upon an alleged conflict in cases. Plaintiff in error's application presents that there is a conflict in the holding of the Court of Civil Appeals in this case and of the holdings of the Courts of Civil Appeals in the cases of Hazzard v. Morrison, 130 S. W., 244, and Anderson v. Tinsley, 28 S. W., 121.

A careful analysis of those cases discloses that the principles of law therein announced as applicable to the facts of those cases do not conflict with the holding of the Court of Civil Appeals in the instant case.

In the case of Hazzard v. Morrison, both parties to the contract signed the written contract. The real question at issue was Morrisons right to specific performance of the contract as against Mrs. Hazzard, inasmuch as it had failed as to other parties defendant.

In the case of Anderson v. Tinsley, neither party owned the land to be conveyed. Tinsley employed Anderson to secure for him a certain tract of land at a certain price, Anderson to receive $35 per acre for his services. Neither was to sell or convey land to the other. We do not deem it necessary to further differentiate the cases.

The force of the exception to plaintiff in error's petition is that on account of the Statute of Frauds the contract would be, and is, unenforcible as to plaintiff in error—i. e., that if plaintiff in error had chosen to do so, he could have repudiated the contract and

refused to make conveyance of his real estate under its terms, and therefore it was unilateral and lacking in mutuality as to remedies.

If plaintiff in error was not bound, the contract was unenforcible as to him, and therefore unilateral and lacking in mutuality; as a contract to be valid must be mutual and binding upon both parties.

So, this issue resolves itself into the question whether or not under the allegations of plaintiff in error's petition he was legally bound by the contract under the Statute of Frauds. The statute (Vernon's Sayles' Texas Civil Statutes, Article 3965), provides that for a contract for the sale of real estate to be enforceable in our courts, it must be in writing and *signed by the party to be charged therewith*, or by some person by him thereunto lawfully authorized.

Plaintiff in error Clegg did not sign the contract. The contract stipulated that he should make deeds and convey lands to defendant in error Brannan, as much as it provided for defendant in error to deed and convey land to him. The petition clearly set out a contract for an exchange of lands. The contract between the parties would be enforcible but for the statute. It appears to have all the necessary elements of a common law contract; but the statute providing, as it does, that "no action shall be brought in any of the courts . . . unless the promise or agreement . . . or some memoranda thereof shall be in writing and signed by the party to be charged therewith . . . upon any contract for the sale of real estate," the contract is unenforcible as to plaintiff in error Clegg, and thereby it loses one of the essential elements of a contract—its mutuality. It is lacking in mutuality of remedies, in that plaintiff in error is not legally bound by it; and on account thereof it is unilateral.

Plaintiff in error contends that he was bound by Brannan's written contract because *he accepted it,* and that it was accepted by them as binding upon both.

The acceptance of a contract in writing is not equivalent to signing it.

When a contract between two parties is reduced to writing and signed by one of them, and is accepted by the other, it is sufficient to impress upon it the character of a written instrument, and the law and the courts will treat it as such.

In the case of Martin v. Roberts, 57 Texas, 564, such a contract was held to be in writing and entitled to registration as a mechanic's lien. Other contracts of similar import have been held to be entitled to registration, or sustained as contracts in writing.

The Statutes of Frauds provides that contracts for the sale of real estate not only must be in writing, but they must also be signed by the party to be charged therewith.

Under the common law, oral contracts for the sale of real estate were valid and could be enforced, and but for the statute the contract here would be enforcible.

Plaintiff in error presents also that he performed the contract to such an extent that he is entitled to its specific performance against defendant in error, in that he accepted said written contract, paid Brannan $1, and that, according to its terms, he agreed to pay, and *did pay,* certain sums in the assumption of indebtedness against defendant in error Brannan's land; that he agreed to pay and *did pay,* the balance of the consideration for defendant in error Brannan's land by executing and tendering to Brannan deeds to the lands he was to convey to him under the terms of the contract.

As held by the Court of Civil Appeals, this, at most, is only payment.

Payment, in whole or in part, is not such performance of the contract as would authorize a court of equity to decree a specific performance under it. Payment alone in nowise identifies or proves the contract. For its return, the party making payment may have his action at law. This situation is not such as would invoke the aid of a court of equity to prevent a fraud.

Possession, payment of the purchase price in full or in part, and valuable improvements, clearly would take the case out of the statute.

In the instant case there was no possession, and of course no valuable improvements, and, as we view it, no payment; only an alleged willingness to perform the contract, including the assumption of the indebtedness mentioned in the writing unsigned by plaintiff in error and which was not binding upon him.

It could not be urged that plaintiff in error is bound to pay the indebtedness against defendant in error Brannan's land, and that the holders of those obligations could maintain a suit against him thereon, because he accepted a writing not signed by him containing stipulations that he assumed such indebtedness.

It would be illogical to say that a contract to exchange real estate, wholly executory between two parties and signed by only one of them, could be taken from under the Statute of Frauds by the one who did not sign, merely by accepting the contract or by tendering performance; or that the fact that he accepted the contract signed by the other would be such an act as would comply with and satisfy the requirement of the statute that it must be *signed by the party to be charged therewith.* He is to be charged therewith in that he binds and obligates himself to deed and transfer lands to the other. If his contract was only to pay for lands to be conveyed to him, the delivery to him and the acceptance by him of the other's written contract to convey lands to him, setting out the terms thereof, would bind him, and it would be a contract that could be enforced in law.

But the statute expressly says that an action cannot be maintained against one on a contract for the sale of real estate unless it is in writing and signed by the one to be charged with it.

It is now well settled that change of possession alone is not sufficient to take the contract out of the statute; that payment of the consideration is not sufficient; that acts of performance must be sufficient to identify the contract in themselves and with no other view than to fulfill the particular contract to be enforced.

It was incumbent upon plaintiff in error to allege a contract binding upon both parties, or that there was such performance as would take the contract from under the statute. This we think his petition fails to do, and the trial court properly sustained the demurrer.

The judgment is affirmed.

*Affirmed.*