### THOMAS et al. v. FRANCIS.
#### No. 4575.

Court of Civil Appeals of Texas.
Texarkana.
Nov. 21, 1934.

Rehearing Denied Dec. 6, 1934.

Geo. L. Huffman and P. O. Beard, both of Marshall, and T. B. Stinchcomb, W. H. Sanford, and Conan Cantwell, all of Longview, for appellants.

Wynne & Wynne, of Longview, for appellee.

SELLERS, Justice.

J. C. Francis brought this suit in the district court of Harrison county against G. C. Finch, W. M. Thomas, and B. F. Findley, to secure specific performance of a certain contract alleged to have been entered into between plaintiff J. C. Francis and the defendants, whereby the defendants were to convey to plaintiff a certain mineral interest in a fifty-acre tract of land located in Gregg county, Tex., and a part of the Charles H. Alexander Survey. The case was tried before the court without a jury, and the court entered judgment for plaintiff for the interest in the land sued for, and the defendants have prosecuted an appeal to this court.

The appellee in his pleadings alleged in substance that W. M. Thomas and F. B. Findley were the fee owners in fifty acres of land in Gregg county, a part of the Charles H. Alexander Survey, and as such owners they executed an oil, gas, and mineral lease upon the same to M. F. Beeler and J. C. Francis, the lease being taken in the name of Beeler, and Beeler subsequently assigned the south 16⅔ acres of the tract to the appellee Francis, and Francis thereafter sold the lease to Taylor Fithen and retained a one-sixteenth undivided working interest therein. Thereafter Francis acquired a one-sixteenth undivided interest in the royalty in the fifty acres of land from Thomas and Findley which he sold to G. C. Finch for a profit of $125. But the $125 was not paid by Finch to Francis at the time the trade was had. The appellee further alleged:

"Thereafter, G. C. Finch did agree with the said J. C. Francis that in the event the said J. C. Francis could secure a well to be begun upon the 16⅔ acre tract of land or anywhere upon the fifty acre tract of land, that he, the said G. C. Finch, would give to the said J. C. Francis, for his said services and work, 1/64 royalty interest in the 50 acre tract of land, in Gregg County, Texas, as described in plaintiff's original petition, and being the same 50-acre tract of land described in an assignment from J. C. Francis to Taylor Fithen, dated February 7, 1931, recorded in Volume 66, page 545, of the deed records of Gregg County, Texas, here referred to for description.

"The said J. C. Francis, in consideration of this agreement did give up the $125.00 debt against the said G. C. Finch, which was more than the 1/64 mineral interest in the entire 50 acres was worth, and furthermore did pay out other sums of money, to-wit, $20.00 for road-building, in order to facilitate the drilling of the well.

"J. C. Francis in all things performed his part of the contract, which was made orally, but a written memorandum thereof was made, in words and figures as follows:

" 'Dr. Francis is to get 1/64 royalty interest in 50 acres in C. H. Alexander Survey, Gregg County, Texas, provided drilling contract is obtained within thirty days.

" '[signed] G. C. Finch 2-25-31.'

"This was only a memorandum of the oral contract, which oral contract was that J. C. Francis surrendered his claim for $125.00 against G. C. Finch, assisted in procuring the drilling contract and performed his portion of the agreement.

"Complaining further, plaintiff alleges that at the same time he went over to see W. M. Thomas and B. F. Findley and told them that he figured he could secure a drilling contract, but in order to secure the drilling contract it would be necessary for him to relinquish certain interest which he had in the lease and certain interest which he had retained in his transfer to Fithen, and the said W. M. Thomas and B. F. Findley agreed that they would likewise give to him 1/8 of the royalty or 1/64 of the production on the 50 acre tract of land described in plaintiff's petition and above referred to, but later on claimed that they only intended to give the 1/64 in 16⅔ acres. However this might have been, plaintiff immediately secured a drilling contract and the well was begun upon said tract of land.

"Thereafter, the said G. C. Finch, W. M. Thomas and B. F. Findley each informed the plaintiff that they were ready to give to him the mineral deeds for the 1/64 interest in the 50 acre tract of land above described. The plaintiff released the $125.00 claim against

G. C. Finch, performed his work in securing roads, drilling contracts and paying money out for such services, relying upon the defendants and each of them that they were honorable men and would carry out their contract with the plaintiff herein.

"Lawsuits intervening, plaintiff continued to work upon said drilling contract and sent to defendants W. M. Thomas and B. F. Findley the mineral deed for them to sign, and went to defendant G. C. Finch and Paul Bramlette, who was claiming an interest in the Finch royalty, with reference to their deed. All defendants agreed to execute the deeds, but said that they had better not execute them until the lawsuits between W. A. Anderson and others upon this tract of land had been finally closed. While the lawsuits were pending, the plaintiff, J. C. Francis, still owned and retained an undivided 1/16 working interest in 16⅔ acres of the 50 acre tract of land, and being that 16⅔ acres described in the assignment from J. C. Francis to Taylor Fithen, as described above.'

"In order to secure the completion of the wells upon the tract of land, plaintiff, J. C. Francis, went to B. F. Findley, W. M. Thomas, and G. C. Finch and told them that the parties who were figuring upon taking over the drilling contract upon the 16⅔ acres would not take over the contract unless he, J. C. Francis, would sell to them his undivided 1/16 working interest at and for the sum of $2,000.00—$1,000.00 in cash and $1,000.00 in oil; that he didn't figure that was as much as his interest was worth, this being about the time the lawsuits were settled, but if they were still going to carry out their contract and he could still rely upon them to give to him his 1/64 mineral interest in the land, as they had agreed to transfer it to him, that he would sell this at a less price in order to secure the settlement and have the drilling proceed, but that he did not want to relinquish this interest unless he was to get this interest which they had agreed to give to him. He was assured by W. M. Thomas, G. C. Finch and B. F. Findley that they were men of their word, and that he would get his 1/64 interest in the 50 acre tract of land, though he did not claim an undivided 1/64 as against W. M. Thomas and B. F. Findley, for the reason that they had wiggled out of a portion of their original agreement and claimed that he was only entitled to a 1/64 in the 16⅔ acre tract of land which he had a lease upon himself. Therefore, he permitted the purchase, and sold his land and his 1/16 working interest to get the settlement through, so

that it would facilitate the drilling of wells upon the 50 acre tract of land, secure a settlement of the lawsuit and immediately make the royalty productive.

"Relying upon the contract and agreement of the said G. C. Finch, W. M. Thomas and B. F. Findley, this plaintiff performed his part of the agreement; relying upon their verbal promise and the written memorandum from G. C. Finch, plaintiff sold his property, which he would not have sold under any circumstances, to his damage in the sum of Five Thousand ($5,000.00) Dollars.

"Complaining further and answering further, plaintiff avers that after he had delivered his deed to W. M. Thomas and to G. C. Finch, the said W. M. Thomas informed him that B. F. Findley was trying to back out, but that he, Thomas, was a man of his word and that his deed would come forth as soon as the lawsuit was settled. The plaintiff at all times relied upon the said defendants, and if the said B. F. Findley has sold his interest in the royalty, then the plaintiff alleges that the said royalty was worth at least the sum of Five Thousand ($5,000.00) Dollars, and that he is entitled to have judgment against the said B. F. Findley for the sum of Two Thousand Five Hundred ($2500.00) Dollars, because the said B. F. Findley, knowing that he had agreed to transfer to this plaintiff, has withheld the possession thereof from this plaintiff, to this plaintiff's damage in the sum of Two Thousand Five Hundred ($2500.00) Dollars. Plaintiff alleges that the 1.64 agreed to be sold by the said W. M. Thomas and B. F. Findley was worth at least the sum of Five Thousand ($5,000.00) Dollars, and therefore he should have judgment against the said B. F. Findley, if he has sold his 1/2 interest therein, for the said sum of Two Thousand Five Hundred ($2500.00) Dollars, in the event the court cannot give judgment against defendant Thomas for the whole 1/64 from the partnership interest.

"Complaining further, plaintiff answers and avers that in all things he relied upon the said defendants and their representations and agreements, and he avers that in the beginning the defendants fully intended to carry out their contract with him, and they permitted him to relinquish his claim for money, to perform labor in securing the drilling contract, to pay out money to secure roads and other improvements to get the drilling contract; permitted him to sell property which he would not otherwise have sold, relying entirely upon their integrity, upon the honesty

of their statements and upon their agreement, and he would not have performed and would not have carried out his contract had he not relied entirely upon them. If the defendants do not carry out their contract, they have committed a palpable fraud upon this plaintiff, have secured from him his money, his time, his thought; have obtained from him the sale of his property, and are now seeking to take advantage of their own wrong.

"Complaining further and answering further, plaintiff avers that he is entitled to have an undivided 1/64 interest from G. C. Finch in the entire 50 acre tract of land, and from W. M. Thomas and B. F. Findley in the 16⅔ acres of land, being the south 16⅔ acres of land, because if the court should fail and refuse to give the same, then the said defendants have wronged, cheated and defrauded this plaintiff of the property which they contracted and agreed to give to him.

"Wherefore, premises considered, plaintiff prays that he have judgment as prayed for in his original petition, as against G. C. Finch for an undivided 1/64 mineral interest in the 50 acre tract of land, being that 50 acres of land out of the C. H. Alexander Survey as deeded to A. M. Justice on the 5th day of June, 1923, as shown by deed recorded in Vol. 47, page 69 of the deed records of Gregg County, Texas; and as against the said W. M. Thomas and B. F. Findley, for an undivided 1/64 interest in the south 16⅔ acres of said tract of land, and if the said B. F. Findley has sold the interest which he contracted to give to this plaintiff, then that this plaintiff have judgment against him for the said sum of Two Thousand, Five Hundred ($2500.00) Dollars; for all costs of suit, together with such other and further relief, at law or in equity, to which the plaintiff may be entitled."

The court's findings of fact are sufficient to support the case as alleged by appellee, but, in our opinion, appellee has not alleged a case which will support the judgment of the court granting appellee an interest in the royalty belonging to appellants under the 50 acres of land involved against appellants' plea that the contract so alleged and enforced by the court's judgment is within the statute of frauds.

The royalty interest involved in real estate and the enforcement of a parol contract for the sale of any interest in such royalty is prohibited by the statute of frauds (Vernon's Ann. Civ. St. art. 3995) unless the contract or some memorandum thereof is in writing and signed by the party to be charged therewith. The memorandum set out in the pleadings of appellee and signed by the appellant G. C. Finch is insufficient to take the contract alleged out of the statute of frauds for the reason that it fails to sufficiently describe the land involved. Starkey v. Texas Farm Mortgage Co. (Tex. Civ. App.) 45 S.W.(2d) 999.

Appellee contends, however, that notwithstanding the agreement between appellee and appellants is wholly a parol one, the court's judgment should nevertheless be affirmed because the appellee has performed his part of the contract, and it would be a fraud upon him for the court not to require the performance of the agreement by appellants. With this contention we cannot agree. In the first place, acts of performance on appellee's part relied upon as sufficient to take the parol contract out of the statute of frauds are not such acts as could have been done with no other view or design than to fullfill the particular agreement here sought to be enforced. And where acts of performance on the part of one of the parties to a contract are relied upon to authorize the enforcement of the same, they must meet the above requirement. 20 Tex. Jur. § 115. But there is another reason why this contention of appellee cannot be sustained, and that is that the acts of performance on his part amount to nothing more than the payment of the consideration agreed upon for the conveyance to him of the royalty interest, and for the recovery of which he has his remedy at law and cannot resort to the equitable remedy of specific performance. Clegg v. Brannan, 111 Tex. 367, 234 S. W. 1076; Id. (Tex. Civ. App.) 190 S. W. 812.

The judgment of the trial court will be reversed, and the cause remanded.