**TEXAS GAS UTILITIES COMPANY, Appellant,**

v.

**S. A. BARRETT et al., Appellees.**

**No. 4362.**

Court of Civil Appeals of Texas, Eastland.

Feb. 6, 1970.

Rehearing Denied March 13, 1970.

W. T. Blackburn, Corpus Christi, for appellant.

Burrell B. Evans, Tulia, Witherspoon, Aikin, Thomas & Langley, Hereford, for appellees.

GRISSOM, Chief Justice.

This is a suit by Texas Gas Utilities Company which was originally filed against S. A. Barrett, John Barrett and James Beavers. Hereafter, for convenience, the defendants will be referred to as Barrett et al. Plaintiff sought to collect the unpaid balance of the minimum amounts the named defendants agreed to pay Associated Oil & Gas Company, plaintiff's predecessor, under a contract dated April 21, 1964. The contract provided for payment, as a minimum amount per year for five years, of $7.50 per horsepower for each engine installed by defendants on a 4100 acre farm which they had leased from Thompson and Payne, the owners thereof. Plaintiff gave credit for the amounts paid by the successors to Barrett et al as occupants of said farm.

Barrett et al defended on the ground that the contract was unenforceable because it lacked mutuality of obligation in that the gas company was not bound to furnish them the gas for which they sued. Article 6 contained the following provision:

"It is further and distinctly understood and agreed that *the Company assumes no obligation whatever regarding the quantity or quality of gas delivered hereunder, or the continuity of service, and shall not be liable therefor,* but Company will endeavor to supply the requirements of Customer for the above class of service to the extent of the amount of gas available for such service and to the extent permitted under any agreement between Company and any producer of gas available to Company for the supply of natural gas to Company, and subject to such limitations in the sale of gas for this class of service as in Company's opinion may be necessary for the continued maintenance of the supply of gas for domestic use, it being recognized that Company is dependent for gas to be supplied hereunder upon gas produced by— other producers." (Italics by the Court).

The gas pipeline to said farm was constructed for the purpose of furnishing gas for irrigation wells on said farm under an agreement with Thompson and Payne prior to execution by the named defendants of the contract sued upon. When said de-

fendants took possession of said farm under their rent contract with Thompson and Payne they were informed by the gas company that gas would not be turned on until said tenants signed the contract. Under such a situation, the named defendants signed the contract prepared by the gas company and presented to them for their required signatures without previous discussion.

A jury found that (1) about November 1, 1964, S. A. Barrett wrote plaintiff's predecessor gas company that defendants had been evicted from said farm by Thompson and Payne and that it would have to thereafter look to others for payment for gas; that (b) said letter was received by said company; that (c) it remained silent as to whether it accepted or rejected said proposition; that (d) its silence caused said defendants to believe that it would no longer look to them for payment; that (e) said defendants acted or refrained from acting as a result of their belief that it would not look to them for further payment and that (f) such action, or refraining from action, was detrimental to defendants, and, further, that (2) plaintiff, by its conduct, agreed to a rescission of said contract.

Plaintiff filed a motion for judgment based on the provision in said contract that defendants would pay said minimum, whether it was used or not. Defendants filed a motion for judgment based, first, on said jury findings and, second, on the proposition that, as a matter of law, the contract sued upon was unenforceable because it lacked mutuality of obligation in that the gas company was not required to furnish the gas sued for to defendants. The defendants' motion was sustained and judgment was rendered for the defendants. The plaintiff has appealed.

■ We think the court correctly rendered judgment for defendants because the instrument upon which the suit is based is unenforceable for lack of mutuality of obligation. It is evident that plaintiff was not obligated by said contract to furnish

defendants the gas for which it sues. The contract does not require the gas company to furnish defendants any quantity or quality of gas, maintain continuity of service of gas, or furnish them gas at any rate of consumption. On the contrary, it expressly provides that the gas company assumes no obligation regarding the quantity or quality of gas to be delivered under said contract, or for continuity of service, and that it shall not be liable for any such failure. The specific negation of any obligation and of liability for failure to furnish them gas is clear and unambiguous.

■ To be valid and enforceable, a contract must be mutual and binding on both parties. Houston & Texas Central Railway Co. v. Mitchell, 38 Tex. 85; Clegg v. Brannan, 111 Tex. 367, 234 S.W. 1076. Contracts lacking mutuality are frequently called unilateral contracts. Mutuality consists in the obligation of each party to do something in consideration of the act or promise of the other. Mutuality of obligation is an essential element of an enforceable contract. When only one of the contracting parties is bound to perform and the rights of the parties to the contract exists only at the option of one of the parties, the contract lacks mutuality and is unenforceable. In Texas Farm Bureau Cotton Ass'n. v. Stovall, 113 Tex. 273, 253 S.W. 1101, our Supreme Court said:

> " * * * a contract in which there is no consideration moving from one party, or no obligation upon him, lacks mutuality, is unilateral, and unenforcible."

The contract sued on specifically states that the gas company has no obligation with regard to the quantity or quality of gas to be furnished the defendants, or continuity of service to the defendants, and that the gas company will not be liable for its failure in any of those respects.

It is true that the gas company agreed that it would "endeavor" to supply the customer's requirements, but this is subject to the specific provision that, if it did not, it would not be liable therefor. Therefore,

there was no binding obligation on the gas company to furnish the defendants the gas sued for. A somewhat analogous situation existed in Houston & Texas Central Railway Company v. Mitchell, 38 Tex. 85. Mitchell drew up an instrument which was accepted by the railway company which provided:

"I promise to cut and place in ricks or stacks, for the H. & T. C. R. W., prairie hay, not to exceed two hundred tons, at points along the line of said road adjacent to the place where the hay may be cut, at twenty-two and one-half dollars coin per ton, payments to be made by said company as each twenty-five tons of hay is cut."

With reference to that instrument the court said:

"The contract is not mutual. Mitchell was not bound to cut and put up any particular number of tons of hay for the appellant. He could, if he desired, put up two hundred tons; but if he had quit cutting when he had cut one ton, the appellant could not have compelled him to cut any more, nor could damages have been recovered for the breach; but the evidence places the rights of the parties in this position. Mitchell had a right to go on and put up any amount of hay within the limit of two hundred tons, unless notified by the appellant that it would not accept the hay at the contract price—But Mitchell was not bound to cut two hundred tons of hay, nor is the appellant bound to pay for it. Mitchell could have been stopped under this contract by a notice at any time. He probably intended to leave it optional with himself whether he cut one or two hundred tons; and thus the law leaves it optional with the appellant to take one ton or two hundred tons—."

Under the contract in the Mitchell case he had the right to stop cutting hay at any time. He "proposed" to furnish the railway up to two hundred tons, but he did not bind himself to furnish any. In the contract in this case the gas company said it would "endeavor" to supply the requirements of the customer, but that it would not be liable if it failed to furnish any gas to the defendants. It did not bind the gas company to furnish any amount of gas to the defendants. It was under no obligation to furnish them gas. It was not liable if it failed. In Gordon v. Emerson Shoe Company, Tex.Civ.App., 242 S.W. 791. Gordon owned a shoe store and bought shoes from Emerson Shoe Company. Gordon told the shoe Company's salesman to reserve $4,000.00 worth of shoes for him for the next season, without specifying style, size or number of pairs. Afterwards Emerson refused to deliver any shoes to Gordon. Gordon sued Emerson for damages for breach of its contract to sell him shoes. The court disposed of that contract as follows:

"A contract for the future delivery of personal property is void for want of consideration and mutuality, if the quantity to be delivered is conditioned by the will, wish, or want of the other party; but it may be sustained if the quantity is ascertainable otherwise with reasonable certainty. Cold Blast Transportation Co. v. Kansas City Bolt & Nut Co., 114 Fed. 77, 52 C.C.A. 25, 57 L.R.A. 696."

See also Johnson v. Breckenridge-Stephens Title Company, Tex.Com.App., 257 S.W. 223.

We have considered and overrule all of appellant's points.

We conclude that the contract sued upon is not enforceable and that the court did not err in rendering judgment for defendants.

The judgment is affirmed.