Alvin ZIDELL et al., Appellants,

v.

TARRANT SAVINGS ASSOCIATION, Appellee.

No. 17869.

Court of Civil Appeals of Texas, Fort Worth.

June 16, 1977.

Rehearing Denied July 14, 1977.

Passman, Jones, Andrews, Coplin, Holley & Co., and Gerald R. Coplin, Dallas, for appellants.

Brown, Herman, Scott, Dean & Miles, and James T. Blanton, Fort Worth, for appellee.

**6** ■

## OPINION

MASSEY, Chief Justice.

This is a plea of privilege case in which the appellants had their pleas overruled. Therefrom they appealed. Another defendant did not file his plea of privilege and will be hereinafter treated as the non-complaining defendant.

We affirm.

Though we sustain the ruling of the trial court for another reason we also sustain it because the appellants were necessary parties (as well as proper parties) to the suit of plaintiff Tarrant Savings Association upon promissory notes, and because liability for purposes of venue was established against the non-appealing defendant (who, necessarily, would be either a resident defendant *or* non-resident defendant) either by V.A.T.S. Art. 1995, "Venue", Sub. 4, "Defendants in different counties", *or* by Sub. 29a, "Two or more defendants", of the same article.

Plaintiff, on trial of his venue case upon his controverting affidavit, has unquestionably shown factual entitlement to retain venue of the case against the appellants in the county of suit either by Sub. 4 *or* by Sub. 29a.

It is not necessary in this case to determine by which of these subdivisions plaintiff should prevail, for if entitlement by either be non-existent it would necessarily exist by the other and it could not be error to overrule the plea of privilege. It is unnecessary to specifically rule upon the question of efficacy, as evidence, of the stipulation by the non-complaining defendant that his residence was in the county of suit. It has been held that persons in position of the appellants are not bound by such a stipulation and that it is not evidence of residency affecting their right to have proof adduced. *Gilley v. Morse*, 375 S.W.2d 569 (Tex.Civ.App., Dallas, 1964, no writ), followed by *LaSorsa v. Burr*, 516 S.W.2d 265 (Tex.Civ.App., Houston (14th Dist.), 1974, no writ). But, as stated, to resolve the question is not essential for whether the non-complaining defendant is or not a resi-

dent makes no difference in this case. By and through his liability all the appellants may be held in the county of suit.

The record in this case shows: (1) that by any proper measure the appellants were necessary parties and not merely proper parties. (McDonald's Texas Civil Practice, 1965 Revision, under "Venue", at § 4.36, "Art. 1995(29a), Necessary Parties"); (2) that the appellants, having failed for purposes of the venue trial to deny anything to be denied under oath by Rule 93 (T.R.C.P. 93, "Certain Pleas to be Verified") any facts necessary to be proved in order to sustain venue had appellants made denial of any pleaded fact by Rule 93 stood as conceded for purposes of the venue hearing. (McDonald's Texas Civil Practice, 1965 Revision, under "Venue", at § 4.43.1, "Plea of Privilege—(II) Form"); (3) and plaintiff either proved the venue facts necessary under Sub. 4 of Art. 1995 (McDonald's Texas Civil Practice, 1965 Revision, under "Venue", at § 4.10.2, "Art. 1995(4), One Defendant Resident in County of Suit—(II) Venue Facts", *or* the venue facts necessary under Sub. 29a of Art. 1995, "Venue" and same text at § 4.36, "Art. 1995(29a), Necessary Parties" (particularly on page 550).

Furthermore, the evidence produced upon venue trial established plaintiff's right to prevail by V.A.T.S. Art. 1995, "Venue", Sub. 5, "Contract in writing", even had the non-complaining defendant not been a party defendant. As initially executed by the non-complaining defendant the notes provided for payment to be made in the county of suit. The notes were introduced; and, perhaps unnecessarily, the fact that there was a balance owing thereon was established by testimony of one of its officers. Also testified to by the officer was that plaintiff was owner and holder of the notes.

By documentary evidence plaintiff proved that there had been assumption by the appellants of the original indebtedness of the non-complaining defendant evidenced by the notes. Proof was by the County Clerk's records of deeds executed by the non-complaining defendant (who was liable upon the original notes) to the appel-

lants. The deed instruments were: (1) the first executed 19 April 1968, filed of record 23 April 1968 (with return of the instrument to specified address and to Alvin Zidell, one of the appellants); (2) the second executed 14 March 1968, filed of record 3 April 1968 (with return made to Zidell); (3) the third executed 14 March 1968, filed of record 3 April 1968 (like return made to Zidell); (4) the fourth executed 19 April 1968, filed of record 23 April 1968 (like return made to Zidell); (5) the fifth executed 19 April 1968, filed of record 23 April 1968 (like return made to Zidell); (6) and the sixth executed 23 May 1968, filed of record 28 May 1968 (with return of the instrument to specified address and to Milton Sabel, one of the appellants).

Tarrant Savings Association proved its *prima facie* case entitling it to prevail under the aforementioned Sub. 5. This is because of the fact that not only was there proof of the original note contract with the non-complaining defendant, but, additionally, proof that there had been assumption by appellants of his obligation to make payment thereof in the county of the suit. The deeds recited the foregoing as part of appellants' return obligation (to the benefit of the owner and holder of the note by necessary implication) upon receipt of the benefits thereby conveyed. These deeds were proved to have been received and accepted by appellants. Plaintiff's case was, therefore, proved as upon written contract(s) by which the complaining defendants might be held bound under the subdivision whether the non-complaining party was or not made a defendant. *Clegg v. Brannan*, 111 Tex. 367, 234 S.W. 1076 (1921); *Arnold H. Bruner & Co. v. Hidalgo County Water C. & I.*, 371 S.W.2d 932 (Tex.Civ.App. San Antonio 1963, writ dism'd).

The judgment is affirmed.