Miguel H. MARTINEZ, Jr., et al., Appellants,

v.

Ray PEARSON, Independent Executor of the Estate of Louis Ballinas, Deceased, et al., Appellees.

No. 5597.

Court of Civil Appeals of Texas.

El Paso.

Oct. 30, 1963.

Rehearing Denied Nov. 27, 1963.

Gerald B. Shifrin, Irion & Rash, El Paso, for appellants.

Scott, Hulse, Marshall & Feuille, J. F. Hulse, James S. Moore, El Paso, for appellees.

CLAYTON, Justice.

Plaintiffs (appellants) herein filed suit against defendants (appellees) Ray Pearson as Independent Executor of the Estate of Louis Ballinas, deceased, and the heirs of the decedent, alleging that the decedent and his wife, Isabel D. Ballinas, who predeceased him, had entered into a parol contract whereby each spouse would devise to

the other all property of each, and the surviving spouse would devise the remainder of all property of the couple to the plaintiffs, with the exception of small bequests to the defendant heirs. The couple executed simultaneous and mutual wills whereby each spouse devised to the other all property of each, but no mention was made in either will of the disposition of the remainder of the property by the survivor, or of the alleged parol agreement. Upon the death of Isabel D. Ballinas, her husband qualified as her executor and received her property under her will. The husband died approximately two months later without having changed or altered his will in any respect, and defendant Ray Pearson qualified as his executor.

Plaintiffs pleaded specific performance of the parol contract and in the alternative, that a constructive trust for the benefit of plaintiffs be impressed upon the property. In a hearing before the court, certain of defendants' special exceptions were sustained by the trial court, plaintiffs were denied leave to further amend their First Amended Original Petition and the case was dismissed. In his order dismissing the cause, the trial court ruled that, having sustained certain special exceptions to the petition, the latter did not set out a cause of action; and further, that however said cause of action might be alleged it would be subject to the special exceptions that the purported oral agreement was void and unenforcible under the provisions of the Statute of Frauds, Art. 3995, Vernon's Ann.Civ. St., and was not in compliance with the provisions of Sections 59 and 60 of the Texas Probate Code. Appeal was perfected, and plaintiffs'-appellants' first three points of error are directed at the foregoing three findings by the trial court. The fourth point assigns error to the further finding of the court that plaintiffs' allegation of the creation of a constructive trust involved the pleading of conclusions of law rather than of fact.

■ Appellants' brief the first three points together. They rely on Larrabee et

al. v. Porter et al., 166 S.W. 395 (Tex.Civ. App., 1914, wr. ref.) as supporting their contention that mutual wills are enforcible in Texas and are irrevocable under the circumstances alleged in their amended petition. Texas law is too well established to admit of controversy that mutual wills are enforcible in Texas. But their irrevocability is dependent upon the facts of each case. In the Larrabee case, Larrabee and his wife, pursuant to an agreement between them, executed their joint and mutual will by which they gave to the survivor a life estate in all their property, both joint and several, *with remainder, share and share alike, to their five daughters* (emphasis supplied). Upon the death of Mrs. Larrabee without having revoked or attempted to revoke said will, Larrabee probated the same and used, occupied and enjoyed the fruits from said property to the exclusion of his children. Subsequently, Larrabee remarried and executed a second will to the benefit of his then wife, stating therein that it was his intention to expressly revoke the former will. Upon his death, application was filed by the second Mrs. Larrabee to probate the second will. This application was opposed by beneficiaries of the first will, which cause of action reached the Court of Civil Appeals upon appeal by the second wife from an adverse judgment of the district court. In affirming the judgment of the district court the Court of Civil Appeals quotes from Frazier v. Patterson, 243 Ill. 80, 90 N.E. 216 (1909), wherein a husband and wife made a joint and mutual will, devising a life estate in their property to the survivor, *with remainder to their daughter during her natural life and after her death to her children.* (Emphasis supplied.) The husband predeceased the wife, who had the will probated and thereafter took possession of all property and continued to use and occupy the same and enjoy the revenues therefrom to the exclusion of the husband's heirs until her death. Before her death, however, the wife executed another will by which she attempted to revoke the joint and mutual will and make a different disposition of her

estate. This will was attacked by children of the wife's daughter (who had predeceased her mother), and the Illinois Supreme Court upheld the lower court which had entered a decree for partition among the grandchildren in accordance with the provisions of the joint will. The Supreme Court held:

" * * * A joint and mutual will is revocable during the joint lives by either party, so far as relates to his own disposition, upon giving notice to the other; but it becomes irrevocable after the death of one of them if the survivor takes advantage of the provisions made by the other. * * *

" * * * The leading case in England on this subject is Dufour v. Pereira, 1 Dick. 419. In that case it was held that a joint and mutual will might be revoked by both jointly, or that it might be revoked separately, provided the party intending it had given notice to the other of such revocation, but that neither of them could, during their joint lives, revoke it secretly, nor could it be done by the survivor after the death of the other; that such wills constituted a mutual contract between the parties which could not be rescinded by the survivor after the death of one, on the theory that the first that dies carries his part of the contract into execution. In such case the courts will not permit the other party to afterwards break the contract. The doctrine of this case has been approved in a number of well-considered cases in this country. Allen v. Boomer, 82 Wis. 364, 52 N.W. 426; Edson v. Parsons, 155 N.Y. 555, 50 N.E. 265; Carmichael v. Carmichael, 72 Mich. 76, 40 N.W. 173, 1 L.R.A. 596, 16 Am.St.Rep. 528; Bower v. Daniel, 198 Mo. 289, 95 S.W. 347."

After this quotation from the Frazier case, the Larrabee case continues:

"In the instant case, if the will itself does not imply or import a contract to execute it (which we are inclined to think is the case), yet the evidence is clear, and the jury found that the same was executed by reason of a previous contract between the parties to make it, giving to each a life estate in their entire property, *with remainder to their daughters*. (Emphasis supplied). This will was executed upon a valid consideration, to wit, the reciprocal devise of the one to the other; and subsequent to the death of the wife, who had scrupulously acquiesced in its provisions, the surviving husband probated same, went into possession, and enjoyed the fruits of the entire property to the exclusion of the beneficiaries, his children, until his death, attempting, however, to revoke same during his life by the execution of the second will and deed to his last wife. We think the authorities quoted and cited are ample to sustain us in holding that this could not be done *under the circumstances stated * * *.*" (Emphasis supplied.)

Emphasis has been added to the cases referred to above, and relied upon by appellants, to point up the difference between the quoted cases and the facts of the instant case as reflected in the amended petition of the plaintiffs. We quote from such pleadings (emphasis added):

"II.

"Plaintiffs allege and would show that sometime prior to the 7th day of November, 1959, LOUIS BALLINAS and his wife, ISABEL D. BALLINAS, entered into a valid, legal and binding parol contract and agreement with each other under the terms of which said parties agreed one with another and by and between themselves that upon the death of either, all the property of the first deceased spouse would be bequeathed and devised to the survivor, and that on the death of the survivor, *the remainder of the property of the first deceased spouse and all the prop-*

erty of the survivor would be bequeathed and devised to your plaintiffs herein * * * " (with the exception of small bequests to the defendants).

"III.

"Plaintiffs allege and would show that in *fulfillment* of her agreement and contract which she, the said ISABEL D. BALLINAS had made with her husband, LOUIS BALLINAS, the said ISABEL D. BALLINAS did on the 7th day of November, 1959, make and execute a valid will devising and bequeathing all her property, personal and real to her husband, LOUIS BALLINAS.

"IV.

"Plaintiffs allege and would show that in *fulfillment* of his agreement and contract which he, the said LOUIS BALLINAS had made with his wife, ISABEL D. BALLINAS, the said LOUIS BALLINAS did on the 7th day of November, 1959, make and execute a valid will devising and bequeathing all his property, personal and real to his wife, ISABEL D. BALLINAS * * *.

"X.

" * * * That LOUIS BALLINAS died *before having complied with the said parol contract and agreement to bequeath and devise all the property, real and personal, from and belonging to ISABEL and LOUIS BALLINAS to your Plaintiffs herein,* in that LOUIS BALLINAS left as his Last Will and Testament the aforementioned instrument, the mutual and reciprocal Will in which he bequeathed and devised all his property to ISABEL D. BALLINAS, * * *."

It will be readily seen that while in the quoted cases the agreement of the parties with regard to the devise of their property has been carried over and has been embodied in the provisions of their wills made pursuant thereto, in the instant case this has not been done.

Without attempting to analyze all the Texas cases cited by appellants in support of their position under the first three points of error, we feel that the same deficiency in the instant case, as pointed out above, differentiates this case from those cited and relied upon by appellants. As an example, appellants cite and quote Weidner v. Crowther, 301 S.W.2d 621 (S.Ct., 1957), as follows:

"At the heart of a mutual will lies a contract of the parties. It would be manifestly unjust to permit the surviving party to the contract to disavow it and its obligations, *as those obligations are incorporated in their will,* after the other party has fully performed by abiding by it until his ability to revise it has been terminated by death." (Emphasis supplied.)

In the Weidner case, unlike the case at hand, the obligations of the parties were incorporated in their will.

Both parties herein rely on the case of Kirk v. Beard, 345 S.W.2d 267 (Tex.S.Ct., 1961). This case modified and affirmed the judgments of the trial court and the Court of Civil Appeals, the latter opinion appearing in Kirk v. Beard, 334 S.W.2d 531 (Tex. Civ.App., 1960), wherein the wills involved in the litigation are set out in full. We do not perceive that the opinion of the Supreme Court in the Kirk case alters our declaration that the case now before us deals with a situation at variance with the cases relied upon by appellants. The Supreme Court in the Kirk case sets out the facts involved therein as follows (emphasis added in quotations):

"The respondents * * * are nieces of J. E. Sexton, deceased. They brought this suit to establish their claim to all of the estate, both real and personal, owned by J. E. Sexton at the time of his death. Their claim is based on a contract alleged to have

been made between J. E. Sexton and his brother, W. H. Sexton whereby these brothers orally agreed that they would make mutual and reciprocal wills; that J. E. and W. H. Sexton each executed identical wills devising each to the other his undivided half interest in all lands owned by them in Johnson, Hill and Somervell Counties, together with all personal property situated thereon; *and leaving to the nieces, share and share alike, the remainder of his property, both real and personal.*

"The brothers on the 23rd of November, 1948, did execute separate wills *containing the foregoing provisions.*" (See the provisions of the wills in 334 S.W.2d at pages 532–535.) "W. H. Sexton died on October 30, 1952. His will was probated and his estate distributed according to the terms of the will. J. E. Sexton died March 1, 1958."

The trial court rendered judgment in favor of the nieces that they have and recover all of the property, both real and personal, belonging to J. E. Sexton at the time of his death, and this judgment was affirmed by the Court of Civil Appeals. The Supreme Court held that "title to all of the property owned by J. E. Sexton at the time of his death *except* the lands in Johnson, Hill and Somervell Counties, together with the personal property situated thereon, being the property described in the mutual wills of J. E. and W. H. Sexton and devised to each other respectively, is owned by and vested in the four nieces but that their claim to the above lands in the said counties and personal property thereon is not established" thus modifying, and, as modified, affirming the judgment of the trial court and the Court of Civil Appeals.

Appellants quote the following excerpts from the Supreme Court opinion (emphasis supplied):

"To sustain their theory that the Statute of Frauds bars recovery petitioners cite a number of Texas decisions but these do not directly deal with the fact situations here where mutual wills have been executed *in accordance with an oral contract* and one party has taken the benefits provided under the will of the deceased party. Illustrative of these cases are Upson v. Fitzgerald, 129 Tex. 211, 103 S.W.2d 147, and Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216. * * *

"The law announced by the above cases is too well established to be questioned but it may not be applied to the facts of this case. We have here considerably more than a parol promise to devise land for a paid consideration. Mutual wills have been executed *pursuant to an oral contract* plus the acceptance by the survivor of the benefits provided by the will of the deceased. The deceased party to the contract has fully and completely performed." * * *

"We hold that recovery in this case upon the oral contract to devise is not barred by the Statute of Frauds. Although we have found no Texas decision passing directly on this question, recovery has been allowed under similar facts. Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1; Sherman et al v. Goodson's Heirs et al, Tex.Civ.App., 219 S.W. 839, wr. ref.; Pullen v. Russ, Tex.Civ.App., 226 S.W. 2d 876, wr. ref. n. r. e.; Hamilton v. Hamilton, 154 Tex. 511, 280 S.W.2d 588; Larrabee v. Porter, Tex.Civ.App., 166 S.W. 395, wr. ref.; Moore v. Moore, Tex.Civ.App., 198 S.W. 659, wr. ref; Johnson et al. v. Durst, Tex. Civ.App., 115 S.W.2d 1000, wr. dism. In none of these cases, however, was the effect of the Statute of Frauds determined. However, in Larrabee v. Porter, the court in passing upon a similar state of facts, although observing that the Statute of Frauds defense

had not been invoked, took occasion to say that the undisputed evidence showed such part performance as to take the case out of the statute."

The Supreme Court then followed the above quotations with the following observation (emphasis supplied):

"The general and majority rule is stated in 97 C.J.S. Wills § 1367, p. 313, thus: 'An oral agreement to make mutual wills may be taken out of the Statute of Frauds by part performance, as by the death of one party, *leaving a will in accordance with the agreement,* and the acceptance of benefits, under such will, by the survivor.' "

The Supreme Court also referred to its decision in Murphy v. Slaton, 154 Tex. 35, 273 S.W.2d 588 (1954), in which it had held:

"While the question is not free from difficulty, and we recognize that the makers of a joint and mutual will, or of mutual wills, have the right and power to provide that all of the property owned by the survivor at his death shall pass under and be bound by the terms of their will, *we do not believe such effect should be given to mutual wills unless the intention to do so is set forth in the will by very plain, specific and unambiguous language."* (Emphasis supplied).

We are constrained to find that the cumulative effect of the holdings above set out is to bar the alleged parol contract between Louis Ballinas and his wife under the provisions of the Statute of Frauds, since the wills of the parties were not made in accordance with, or pursuant to the alleged parol contract (Kirk v. Beard, S.Ct., supra). If this be so, then to support the appellants' position in this matter would be, in effect, to write a new will for Louis Ballinas supplying the provisions for disposition of the remainder estate alleged to have been embodied in the parol agreement—a

will that would not in any respect comply with the requirements for wills prescribed in Sections 59 and 60, Texas Probate Code. It follows that neither of the prayed-for alternative remedies of specific performance or the creation of a constructive trust to the benefit of plaintiffs-appellants are available to them under the existing fact situation; that the trial court did not err in its findings and the consequent dismissal of plaintiffs' cause of action; and that plaintiffs'-appellants' first three points of error must be, and are hereby, overruled.

As we have construed this case, we feel that appellants' fourth and last point of error, that the trial court erred in sustaining a special exception that plaintiffs' allegations of the imposition of a constructive trust involves the pleading of a conclusion of law rather than fact, if upheld, would not affect our ultimate conclusion. It is true, as appellants point out, that Rule 45, T.R.C.P., provides that pleadings in the district courts shall "(b) [c]onsist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense. That an allegation be evidentiary or be of legal conclusion shall not be ground for objection when fair notice to the opponent is given by the allegations as a whole." However, plaintiffs' alternate pleading for the imposition of a constructive trust upon decedent's property rests upon plaintiffs' allegations concerning the parol contract and the execution of the mutual wills of Isabel and Louis Ballinas. Whether this alternate pleading be a conclusion of law or of fact, upon which we feel that we need not pass, the substantive pleadings upon which plaintiffs base their cause of action remain and are governed by the law of this State, as expressed above, which is adverse to plaintiffs' position herein.

Accordingly, we find no error in the disposition made of this case by the trial court's judgment and the same is hereby affirmed.