than 66 feet from the railroad," since the skid marks measured that distance. "Therefore," the court pointed out, "his lights picked up the train * * * at some point back from the time he applied his brakes." The court cited the Stratton cases, supra. The court held that the driver "was guilty of negligence as a matter of law in running into the caboose." 400 S.W. 2d 357, 361, col. 2.

■ We believe there is no evidence to support the finding of the jury that the crossing on the night young Bernhardt collided with the train standing on the tracks was an extrahazardous crossing. We hold that the crossing at the time as not an extrahazardous crossing as a matter of law. As was observed in Walker v. Texas & N. O. R. Co., supra, 150 S.W.2d 853, 857, col. 2, "The foggy condition rendered the crossing more than ordinarily dangerous * * * in the same way and to the same extent, that it rendered every other part of the highway more than ordinarily dangerous." At least three other drivers were observed to stop and turn back at the crossing while the train was stalled across the roadway and before young Bernhardt drove into the side of the train with such momentum that it thrust the steering wheel onto his chest and caused the driving post to pin his legs to the seat.

■ We conclude that the only condition that rendered the crossing more than ordinarily dangerous as a nighttime crossing on the night Bernhardt collided with the train was the weather, with rain and some fog. Since the danger was caused by the weather, including fog, and applied to all driving on the roadway, railroad crossings included, the railroad had no duty to warn of danger arising from the rain and fog. Walker v. Texas & N. O. R. Co., supra, 150 S.W.2d 853, 857.

This appeal presents a number of questions arising from the record and assigned by appellants as error: The first of these questions we have decided in holding that

there was no evidence to support the jury's finding that the crossing at the time of the accident was extrahazardous. Appellant carefully preserved this point at every stage of the proceedings in district court. Among other steps, appellant at the appropriate time moved for judgment notwithstanding the verdict.

Our conclusion on this point makes it unnecessary to discuss other questions. The trial court should have rendered judgment for appellant notwithstanding the verdict, for which reason the judgment must be reversed and judgment be rendered that plaintiffs take nothing.

The judgment of the district court is accordingly reversed and rendered for appellant.

Reversed and rendered.

William **VELASQUEZ** et al., Appellants,

v.

Senaida Velasquez **CRUZ**, Appellee.

No. 6918.

Court of Civil Appeals of Texas.

Beaumont.

June 22, 1967.

tiffs take nothing. No findings of fact nor conclusions of law were requested or filed. The parties will be referred to here as they were in the trial court.

Plaintiffs alleged: That the property involved in this suit had been the homestead of their father and mother. That their mother died and their father, desiring to protect the homestead rights for the unmarried children, induced plaintiffs to convey their interest to him. That the father then conveyed the title to this property to the two unmarried children, Juan Velasquez, Jr., and defendant, Senaida Velasquez. That when Juan Velasquez, Jr. married, the father induced him to convey his interest to the defendant. That such deeds were executed by plaintiffs upon representation to them that this was the only way the unmarried children could maintain the homestead of their father and mother, and that upon the marriage of these two children, the title to the property would be reconveyed to them. That when defendant married she refused to reconvey such interest to plaintiffs.

Plaintiffs' six points of error are: In ruling that plaintiffs failed to establish a common source of title; in ruling that plaintiffs failed to show an interest in the title to such property; in ruling that plaintiffs' pleading and proof failed to impress a trust upon the title to said property; in ruling that defendant's conduct was not fraud; in ruling that plaintiffs' cause of action was not established by the evidence; in refusing to apply the principles of equity and impose a trust to reconvey upon defendant and in granting a take nothing judgment against plaintiffs.

The statement of facts shows that the trial court admitted in evidence a deed from Juan Velasquez, Sr. to Juan Velasquez, Jr. and the defendant, Senaida Velasquez and also a deed from Juan Velasquez, Jr. and wife to the defendant conveying the property in question. There is also an admission by defendant that her only claim to title is under these two deeds. All of the

C. C. Divine, Houston, for appellants.

E. Leon Phillips, Pasadena, for appellee.

STEPHENSON, Justice.

This is an action in trespass to try title. Trial was before the court and judgment was rendered for defendant and that plain-

testimony as to the representations alleged by plaintiffs in their petition was excluded by the court, and was included in this record only as a bill of exception. There is no point of error complaining of the action of the trial court in excluding such testimony.

■ The evidence offered in the bill of exception would have the effect of showing that the grantors in the deeds were conveying to the defendant the title to the property only so long as she remained single. The deeds under which defendant claims convey a fee simple title without reservation. The trial court properly excluded any parol evidence which would tend to vary the terms of such conveyances so as to show a different estate had been conveyed. The rule that permits parol proof to explain the true consideration for a conveyance in certain instances, has no application to the factual situation in this case. Such rule cannot have application when the parol proof has the effect of limiting, qualifying, or imposing a condition upon the estate conveyed; and especially if the attempt is to show a reservation of an interest in contradiction of the clear import of the conveyance. Russell v. Russell (Tex. Com.App.), 120 S.W.2d 793.

■ The parol evidence rule as commonly expressed is to the effect that in the absence of fraud, accident or mistake, parol or extrinsic evidence is not admissible to contradict or vary the terms of a written instrument. The general allegations contained in plaintiffs' petition could be construed as alleging fraud, inasmuch as it is stated that false representations were made both as to the homestead law and the fact that the property would be reconveyed. But, there is nothing in the evidence, either admitted or in the bill of exception, showing the defendant made such representations or was connected with them. No actionable fraud on the part of defendant was proved. All of plaintiffs' points of error are overruled.

Affirmed.

The ASSOCIATED PRESS, Appellant,

v.

Edwin A. WALKER, Appellee.

No. 16624.

Court of Civil Appeals of Texas.

Fort Worth.

July 21, 1967.

Rehearing Denied Sept. 22, 1967.

Cantey, Hanger, Gooch, Cravens & Scarborough, and J. A. Gooch, Carlisle Cravens, and Sloan B. Blair, Fort Worth, for appellant.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, Okl.; Andress, Woodgate, Richards & Condos, and William Andress, Jr., Dallas, for appellee.

PER CURIAM.

OPINION

On July 30, 1965, this Court affirmed a judgment of the trial court in which General Walker had been awarded judgment against The Associated Press in a libel action. Associated Press v. Walker, 393 S.W.2d 671 (writ ref. n. r. e.).

Subsequently, the case was brought before the Supreme Court of the United States by virtue of a writ of certiorari.

On June 12, 1967, the Supreme Court concluded that General Walker was not entitled to damages from The Associated Press. The judgment in favor of General Walker was reversed and this Court was instructed to act in conformity with the judgment of the Supreme Court. Associated Press v. Walker, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094.

In complience with the judgment and mandate of the Supreme Court, we hereby set aside our prior judgment of affirmance