Catherine Beke **KRONENBERGER** et al.,
Appellants,

v.

Joseph M. **BEKE** et al., Appellees.

No. 16392.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 25, 1974.

Rehearing Denied Jan. 9, 1975.

Richard G. Sedgeley, Sam J. Meador, Houston, for appellants.

Fulbright & Crooker, Fred M. Lange, Clarence E. Kendall, Jr., Houston, for appellees.

COLEMAN, Chief Justice.

This is an appeal from a summary judgment entered in favor of the defendants in a cause of action based on an oral contract to execute wills.

Catherine Beke Kronenberger, Agnes Beke Witt, Elsie Beke Saxinger and Helen Beke Bonaguro, the daughters of Gabor Beke and Kate Beke, sued Joseph M. Beke, their brother, the residuary devisee and legatee and the independent executor of the last will of Kate Beke. They alleged that Gabor Beke and Kate Beke mutually agreed that each in consideration of the other doing likewise would leave their respective estates to each other, and that the survivor would execute a will providing that each of their daughters would take five acres from certain property owned by them in Harris County, Texas, and that the remainder of the estate would go to the defendant, Joseph M. Beke. They alleged that their parents mutually agreed that in the case of simultaneous death each of the plaintiffs would take five acres from the property in Harris County and that Joseph M. Beke would take the remainder of the estate. They further alleged that pursuant to such mutual agreements Gabor Beke and Kate Beke executed a joint and reciprocal will on the 9th day of March, 1956, leaving their entire estate to the survivor, and containing the simultaneous death provision.

Subsequently Gabor Beke and Kate Beke, joined by Joseph M. Beke and his wife, deeded Catherine Beke Kronenberger two acres of this real estate. Thereafter Gabor Beke and Kate Beke executed a codicil to their wills stating that they revoked the devise of five acres of property to Catherine Beke Kronenberger, and were devising three acres to her. They alleged that Gabor Beke died on the 19th day of April, 1960 and that Kate Beke probated his will and received the benefits thereunder. Thereafter Kate Beke executed a will devising five acres of the property to each of the plaintiffs, except Catherine Beke Kronenberger, to whom she devised three acres, with the remainder to Joseph M. Beke. Subsequently Kate Beke executed another will wherein all of her daughters, the plaintiffs herein, were disinherited and the entire estate was willed to Joseph M. Beke, save for three acres which were devised to Cynthia K. Kronenberger. Kate Beke died June 9, 1972.

The plaintiffs seek specific performance of the parol contract to devise and in the alternative for enforcement of the oral contract in equity under the secret trust doctrine. Pleading further in the alternative the plaintiffs seek to have the court engraft a constructive parol trust of the

property in the hands of Joseph M. Beke; and in further alternative seek damages.

The defendants answered with a general denial and specially plead the statute of frauds, V.T.C.S. Bus. & C., Section 26.01, V.T.C.A., and the provisions of Section 59 of the Texas Probate Code, V.A.T.S., relating to the formalities required in the execution of a will.

The defendants then filed a motion for summary judgment based on the statute of frauds, the parol evidence rule, and the provision of Section 59 of the Texas Probate Code.

The plaintiffs answered the motion for summary judgment alleging that a fact issue was raised concerning the existence of the oral contract to devise between Gabor Beke and Kate Beke as alleged in their pleadings by the attached affidavit of Lige I. Kronenberger. For further answer they alleged that the execution by Gabor Beke of a will consistent with the oral agreement, and the action of Kate Beke in probating this will and taking the bequest made to her therein, constituted such facts and such part performance as to take the oral contract out of the statute of frauds. They further alleged that the parol evidence rule is not applicable because the plaintiffs are not changing a written instrument by oral testimony, and they deny that Section 59 of the Texas Probate Code is applicable to the situation presented by the petition.

The plaintiffs then filed a motion for summary judgment to which were attached certified copies of the joint and reciprocal wills of Gabor Beke and Kate Beke, a certified copy of the deed from Gabor Beke and Kate Beke to Catherine Beke Kronenberger, a certified copy of the codicil to the wills of Gabor Beke and Kate Beke, a certified copy of the will executed by Kate Beke on September 26, 1960, and a certified copy of a will executed by Kate Beke on the 27th day of July, 1966.

The trial court granted the defendants' motion for summary judgment, and denied that presented by the plaintiffs.

Both parties rely on Kirk v. Beard, 162 Tex. 144, 345 S.W.2d 267 (1961). In the course of its opinion the court said:

"... As said before the will devised to each brother the ranch lands without any restrictions or conditions and only the remainder of their estate to the nieces. They stand to recover here not on the will of their uncle, but on the oral contract made between their two uncles, as that contract has been incorporated in the will. The contract did not provide that the survivor would leave the land to the nieces . . .

"  .   .   .

"In Burt v. McKibbin, 188 S.W. 187 (Mo.1916), it is said that the husband and wife may have intended that the survivor leave the property to certain heirs, but the intention alone will not suffice, it must have been embodied in the contract. Under the provisions of W. H. Sexton's will J. E. Sexton took a fee simple title to the lands in the named counties and not merely a life estate. There is shown no contractual provision to the contrary . . .

"  .   .   .

"In Murphy v. Slaton, 154 Tex. 35, 273 S.W.2d 588, we said that while the makers of mutual wills have the right to provide that all property owned by the survivor at his death should pass under the terms of his will, nevertheless that effect should not be given to mutual wills unless the intention to do so is set forth therein by plain and unambiguous language. Obviously this ruling would apply with equal force to the terms of an oral contract."

The Supreme Court recognized as authoritative Upson v. Fitzgerald, 129 Tex. 211, 103 S.W.2d 147, and Hooks v. Bridge-

water, 111 Tex. 122, 229 S.W. 1114, 15 A. L.R. 216, saying:

"The law announced by the above cases is too well established to be questioned but it may not be applied to the facts of this case. We have here considerably more than a parol promise to devise land for a paid consideration. Mutual wills have been executed *pursuant to an oral contract* plus the acceptance by the survivor of the benefits provided by the will of the deceased. The deceased party to the contract has fully and completely performed." (emphasis added)

In Kirk v. Beard, the Supreme Court enforced the oral contract, as that contract was incorporated in the will. It found no evidence of a contract to devise the real estate involved in the case.

■■■ A contract for the sale of real estate is unenforceable unless the agreement, or memorandum thereof, is in writing and is signed by the person to be charged thereon. Section 26.01, V.T.C.A. Bus. § C. (Vernon 1968). An oral contract to devise land to another falls within the statute of frauds, but, as a general rule, an oral agreement to make mutual wills may be taken out of the statute by part performance. A problem arises as to what constitutes sufficient part performance.

Clegg v. Brannan, 111 Tex. 367, 234 S. W. 1076 (1921), was a case where the plaintiff sought to enforce a written contract to convey real estate, which was not signed by the party to be charged and, thus, fell within the statute of frauds, on proof of part performance. The court denied recovery, saying:

"It is now well settled that change of possession alone is not sufficient to take the contract out of the statute; that payment of the consideration is not sufficient; that acts of performance must be sufficient to identify the contract in themselves, and with no other view than

to fulfill the particular contract to be enforced."

Francis v. Thomas, 129 Tex. 579, 106 S. W.2d 257 (1937), was another suit seeking performance of an oral contract for the sale of land on the ground of part performance in which relief was denied. From the opinion in that case we quote:

"The Court of Civil Appeals concluded: 'In the first place, acts of performance on appellee's part relied upon as sufficient to take the parol contract out of the statute of frauds are not such acts as could have been done with no other view or design than to fulfill the particular agreement here sought to be enforced. And where acts of performance on the part of one of the parties to a contract are relied upon to authorize the enforcement of the same, they must meet the above requirement. 20 Tex.Jur. § 115.'

"We agree with this conclusion. There is nothing in the nature of these acts which suggests the existence of a contract. The sale of oil leases to one party does not suggest the existence of a prior oral contract with another party to convey royalty interest in consideration therefor. Every act of plaintiff may be explained quite separate and apart from any alleged oral contract and no act is 'unequivocally referable' thereto. These acts do not tend to prove the existence of the parol agreement relied upon by plaintiff. Clegg v. Brannan, 111 Tex. 367, 234 S.W. 1076; Lechenger v. Merchants' National Bank (Tex.Civ.App.) 96 S.W. 638 (Error ref.); Burns v. McCormick, 233 N.Y. 230, 135 N.E. 273. From this last authority we quote:

"'There must be performance "unequivocally referable" to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing.

" ' "An act which admits of explanation without reference to the alleged oral contract or a contract of the same general nature and purpose is not, in general, admitted to constitute a part performance." Woolley v. Stewart, 222 N.Y. 347, 351, 118 N.E. 847, 848.

" 'What is done must itself supply the key to what is promised. It is not enough that what is promised may give significance to what is done.' "

The acts of performance on Mrs. Beke's part are not "unequivocally referable" to the alleged agreement and admit of explanation without reference to the alleged contract. The acts of performance on her part are not "sufficient to identify the contract in themselves, and with no other view than to fulfill the particular contract to be enforced." The language of the joint and mutual will does not support the conclusion that the will was executed "pursuant to the contract."

In Kirk v. Beard, supra, the court cites authorities from many states in support of the rule adopted by the Supreme Court of Arkansas in Janes v. Rogers, 224 Ark. 116, 271 S.W.2d 930, reading:

" 'If two parties verbally agree, each in consideration of the other doing likewise, to make their wills disposing of their properties in a specified manner, and one dies *leaving a will which complies with the contract,* and the survivor accepts benefits under the will, noncompliance with the agreement by the survivor would operate as a fraud which equity will prevent, and in such a case the acts done are a sufficient part performance to take the case out of the statute of frauds or to estop the survivor to plead the statute.' " (emphasis added)

In Meyer v. Texas National Bank of Commerce of Houston, 424 S.W.2d 417 (Tex.1968), the court said:

"While Texas and many other states have not adopted a statute which pro-

scribes all agreements to make wills which are not in writing, yet the tendency has not been to weaken or emasculate the statute of frauds by recognizing numerous exceptions relating to performance of an oral agreement. In this case, we have the making of a will and the non-revocation thereof by Mrs. Meyer and nothing more. This is generally considered insufficient and the performance exception restricted to the situations similar to that disclosed in Kirk v. Beard . . ."

In Magids v. American Title Insurance Company, Miami, Florida, 473 S.W.2d 460 (Tex.1971), the court said:

"It has been held that the similarity of reciprocal wills and their execution by husband and wife at the same time and place and before the same witnesses may be considered along with other evidence in determining whether they were executed pursuant to an agreement to make joint disposition of their property, if the provisions of the wills are consistent with such theory. Pullen v. Russ, 226 S.W.2d 876 (Tex.Civ.App.1950, writ ref. n. r. e.). Here, the terms of the wills are not consistent with the theory advanced by American Title that they were contracted to be a devise of all interest in the community property owned by testators at the death of Mrs. Magids. If the Statute of Frauds had been invoked, terms of an oral contract at variance with or in addition to those incorporated into the wills made pursuant thereto would have been inadmissible and unenforceable . . ."

In Cate v. Cate, 249 S.W.2d 73 (Tex. Civ.App.—Dallas 1952, n. w. h.), the court stated:

"The oral agreement he testified to, in legal effect gave to the survivor a life estate with power of sale, and a legal remainder in all property on hand on the death of the survivor to their children.

"The wills as drawn and signed by appellees' parents gave to the survivor a fee simple title . . .

" . . .

"The oral contract as alleged and testified to by Steed, is in direct conflict with the written wills and is clearly within the statute of frauds and therefore improperly admitted over objection. This Court on appeal can only base its findings on competent admissible evidence and therefore cannot use as a basis for its findings of fact inadmissible evidence . . .

" . . .

"The parties having reduced their contract to writing, as contained in the written wills, and, absent allegations of fraud, accident or mistake, it is presumed that the writing is the repository of and contains the whole of the agreement made between them. The exception to the rule applies only where a consistent portion of the total agreement is oral . . ."

■ Here the oral testimony is that Mr. Beke said: "We agreed to make wills so that if I die first Kate gets everything, and if she dies first I get everything, and whichever one lives longest will make a will and give each girl five acres and give Joe everything else." There is further testimony that Kate Beke heard this statement and stated, "That's the way we agreed." The declaration made by Mr. Beke, "We've decided what to do about our property," indicates that they were speaking of the property which they then owned. The legal effect of the agreement, therefore, is that they agreed to leave to the survivor only a life estate in the real property, and the remainder interest to the daughters and the son in the proportions indicated. The will which they executed provided: " . . . that the survivor of us, Gabor Beke or Kate Beke, . . . shall have absolutely and in fee simple all

of the property and estate of every description, real, personal, or mixed, which either or both of us have, or at the time of the one dying first shall have, and we hereby devise and bequeath unto such survivor all of such property." There was no remainder interest, and no mention of an oral contract. The oral agreement as established in the affidavit of Mr. Kronenberger is in direct conflict with the will as executed by the testators.

This case falls within the holding of Martinez v. Pearson, 373 S.W.2d 76 (Tex. Civ.App.—El Paso 1963, no writ hist.), stated in this language:

"We are constrained to find that the cumulative effect of the holdings above set out is to bar the alleged parol contract between Louis Ballinas and his wife under the provisions of the Statute of Frauds, since the wills of the parties were not made in accordance with, or pursuant to the alleged parol contract . . ."

The judgment of the trial court is affirmed.