**Mitchell M. YOUNG and Wife Donna Koch Young**

v.

**Sheila S. SIMPSON, Executrix of the Estate of Buck H. Simpson, Deceased.**

**Civ. A. No. TX–81–61–CA.**

United States District Court, E.D. Texas, Texarkana Division.

Feb. 11, 1985.

E. Ben Franks, Lavender, Rochelle, Barnette, Franks & Arnold, Texarkana, Ark., for plaintiffs.

Nicholas H. Patton, Young, Patton & Folsom, Texarkana, Ark., for defendant.

## MEMORANDUM OPINION

JOE J. FISHER, District Judge.

This is a diversity jurisdiction suit. Plaintiffs, Dr. Mitchell M. Young and his wife, Donna Koch Young, residents of Texarkana, Texas, filed suit for damages against the Estate of Buck Simpson, Texarkana, Arkansas, claiming that Buck Simpson made an oral agreement to repurchase from them, on their demand, fifteen (15%) percent of the outstanding stock of Hush Puppy of Little Rock, Inc., and a one-third (⅓) undivided interest in real property on and adjacent to the Corporation's place of business located in Little Rock, Arkansas. Trial of this cause was to the Court on October 16, 1984, in Texarkana, Texas, and after careful consideration of Plaintiffs' claim, the evidence presented, the pleadings and the briefs, this Court finds that there was no enforceable repurchase agreement. Furthermore, Plaintiffs' claim is barred by the Statute of Frauds and the Parol Evidence Rule.

### FACTS

Dr. Young, a physician in Texarkana, Texas, over the years has invested in numerous enterprises. He met Simpson in 1973, and in 1976 through 1977 began dis-

cussing the possibility of his investing in certain businesses with Simpson. In May of 1978, Simpson approached Dr. Young about investing in a restaurant called the "Hush Puppy of Little Rock, Inc.," which is located in Little Rock, Arkansas. Dr. Young decided to invest in the restaurant and paid $65,000 to Simpson for a stock certificate evidencing 15% of the outstanding stock in the "Hush Puppy" corporation, plus a warranty deed evidencing a one-third undivided interest in the real estate under and adjacent to the restaurant. Dr. Young alleges that he was induced to invest in the restaurant on the promise that he was to receive 15% of the corporation's profits. Additionally, Dr. Young alleges that he entered into a contemporaneous oral agreement with Simpson. Under such agreement, Simpson was to repurchase Dr. Young's interest in the corporation and real property for a stipulated price whenever Dr. Young decided to exercise such option. No documents, however, incident to the purchase agreement make any mention of a repurchase agreement. Furthermore, Dr. Young makes no allegation that Simpson was to provide any documentation to evidence the alleged repurchase agreement. Dr. Young, nevertheless, claims that he attempted to exercise the alleged repurchase agreement but that his efforts were unsuccessful. He, therefore, obtained counsel and brought this suit seeking damages. Simpson denied the existence of an agreement to repurchase in deposition testimony. Before trial, he was tragically killed in an automobile accident and thus the Court has been deprived of his live testimony. Nevertheless, since no written contract exists, the Statute of Frauds precludes recovery by Plaintiff, Dr. Young.

## STATUTE OF FRAUDS

■ Section 8.319 of the Texas Business and Commerce Code sets forth certain requirements regarding the enforceability of contracts for the sale of securities. The Code reads, in pertinent part:

A contract for the sale of securities is not enforceable by way of action or defense unless:

1. there is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker, sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price.

Tex.Bus. & Com.Code Ann. § 8.319 (Vernon Supp.1984). Stock of a closely held corporation comes within the term "securities" as set forth in 8.319 of the Code. *Kenny v. Porter*, 604 S.W.2d 297, 301 (Tex. Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). Therefore, the alleged oral agreement to repurchase the stock in Hush Puppy of Little Rock, Inc. is subject to the Code's requirements. Since there is no writing signed by Simpson which evidences such alleged agreement, Dr. Young's claim is unenforceable even if there had been such an agreement. *See Consolidated Petroleum Industries, Inc. v. Jacobs*, 648 S.W.2d 363, 366 (Tex.App.—Eastland, 1983, writ ref'd n.r.e.)

■ Section 26.01(b)(4) of the Texas Business and Commerce Code sets forth requirements regarding the enforceability of contracts for the sale of real estate. That section is governed by Section 26.01(a) which reads:

(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged. . . .

Tex.Bus. & Com.Code Ann. § 26.01(a) (Vernon 1968). The alleged oral agreement to repurchase the real estate interest under and adjacent to the "Hush Puppy of Little Rock, Inc." falls within the purview of the above-quoted section of the Code. Although Dr. Young alleges that Simpson promised to repurchase the real property on Dr. Young's demand, there is no writing signed by Simpson and Dr. Young which evidences such contention. Therefore,

such alleged promise is also unenforceable. *Kronenberger v. Beke*, 517 S.W.2d 664 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.).

 The judicial doctrine of promissory estoppel, moreover, may not be invoked by Dr. Young in an attempt to avoid the statutory writing requirement imposed on the alleged oral agreement. Promissory estoppel may only be invoked if there was a promise to provide a writing at a later date to evidence the oral agreement. *See, e.g., Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex.1982). Looking to the record before this Court, there is no allegation or evidence which in any way suggests that there was such a promise. Young alleges that Simpson said he would repurchase his interest but Young never alleges that Simpson promised to state so in writing. Accordingly, the alleged oral agreement cannot be enforced under the doctrine of promissory estoppel.

### PAROL EVIDENCE

Finally, Dr. Young's claim arising from the alleged oral agreement is barred by the Parol Evidence Rule. Under such rule, "parol evidence is not admissible to vary the terms of a document which is clear and express in its terms." *Malone v. Federal Deposit Insurance Corp.*, 611 S.W.2d 855, 857 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). For many years, Texas courts have proclaimed the following:

> The legal theory of written contracts includes the presumption that the writing itself merges into the instrument all the oral agreements then existing between the parties, the writing thus becoming itself an instrument embodying the parties' whole and entire agreement. *Lewis v. East Texas Finance Co.*, 1941, 136 Tex. 149, 146 S.W.2d 977. In the absence of fraud, accident, or mistake, parol evidence is inadmissible to vary, add

to, or contradict the terms of a valid written instrument. *Patton v. Crews*, 264 S.W.2d 467, 469 (Tex. Civ.App.—Fort Worth 1954, writ ref'd n.r. e.).

 In the instant case, none of the documents evidencing the sale of the stock and real property contain any language which suggests that there was a prior or contemporaneous repurchase agreement. Furthermore, the documents appear not only complete, but also "clear and express in their terms." The Court finds that the alleged repurchase agreement, by definition, contradicts the purchase agreement as evidenced by the various documents. The Court also finds that there was no fraud, accident, or mistake which induced Dr. Young to purchase the stock. Accordingly, Dr. Young's claim is barred by the Parol Evidence Rule. *Velasquez v. Cruz*, 418 S.W.2d 377, 379 (Tex.Civ.App.—Beaumont 1967, no writt).[1]

### CONCLUSION

In summary, this Court finds that there was no agreement on the part of Simpson to repurchase on the demand of Dr. Young and at a stipulated price, the stock and real property which Dr. Young acquired pursuant to his investment in "The Hush Puppy of Little Rock." Even if there had been such an agreement, it is barred by the Statute of Frauds and the Parol Evidence Rule.

It is therefore ORDERED, ADJUDGED AND DECREED that judgment will be entered in favor of the Defendant, Sheila S. Simpson, Executrix of the Estate of Buck H. Simpson, Deceased, and against the Plaintiffs, Dr. Mitchell M. Young and his wife, Donna Koch Young. Plaintiffs and Defendant shall bear their own costs.

---

1. At trial, Defendant argued that the oral agreement could not be proved because Simpson was killed before trial. Defendant claimed that evidence concerning the agreement was barred by the Dead Man's Statute. Such contention was erroneous. *See Lewis v. Foster*, 621 S.W.2d 400, 404 (Tex.1981). In practical terms, however, it makes no difference to this case. Even if Simpson was still alive, the claim is barred on the grounds set forth above.